IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CHACE FRAZIER AND MISTY PEIKOFF,** § § § | | |
| **Plaintiffs,** § § | **Case No. 4:23-cv-761-O** | |
| v. § § | | |
| **KM HOLDINGS GRANBURY, LLC AND JPNS PROPERTIES, LLC,** § § § § | | |
| **Defendants.** § § | | |

## AMENDED AND RESTATED JOINT RULE 26 REPORT

Chace Frazier and Misty Peikoff and KM Holdings Granbury, LLC and JPNS Properties, LLC ("the "Parties") file this Amended Joint Rule 26 Report pursuant to the Court's Order of October 5, 2023 (Doc. 12). As an initial matter, counsel for the parties apologize for the oversight that resulted in the Court's Order. Insertions made to this report to comply with the Court's Order are in ***bold and italicized type***. For their Amended Joint Report, the Parties would show the following:

(1)     **A brief statement of the claims and defenses**;

Plaintiffs claim that Defendants initially misclassified them as independent contractors and failed to pay them overtime compensation for all hours worked over forty per workweek. Subsequently, when Plaintiffs were made employees, Defendants wrongfully failed to pay them overtime compensation for all hours worked over forty per workweek.

Defendants assert that Plaintiffs were properly classified as independent contractors by KM Holdings Granbury, LLC. After the Plaintiffs were placed on the payroll of Defendant JPNS, they were properly paid for all time worked. At all relevant times, the Plaintiffs were performing agricultural work, and thus, they were exempt from the maximum hour and overtime provisions of the Fair Labor Standards Act. Defendants also are entitled to set off any amounts owed by Plaintiffs to Defendant KM Holdings against any amounts that Defendants are found to owe Plaintiffs.

(2)     **A proposed time limit to file motions for leave to join other parties**;

October 13, 2023.

(3) **A proposed time limit to amend the pleadings**;

December 15, 2023.

(4) **Proposed time limits to file various types of motions, including dispositive motions (NOTE: The dispositive motion deadline cannot be less than 90 days before trial; the Court prefers 120 days)**;

Dispositive motions must be filed by March 1, 2024.

(5) **A proposed time limit for initial designation of experts;**

December 15, 2023, for parties seeking affirmative relief.

(6) **A proposed time limit for responsive designation of experts**;

January 8, 2024, for rebuttal experts.

(7) **A proposed time limit for objections to experts (i.e., Daubert and similar motions)**;

Objections and motions to exclude expert testimony must be filed by February 16, 2024.

(8) **A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit to complete factual discovery and expert discovery, and a statement of whether discovery should be conducted in phases or limited to or focused upon particular issues**;

Discovery must be completed by February 16, 2024.  *The Parties will conduct discovery in compliance with the Federal Rules of Civil Procedure.  The Parties do not believe discovery should be conducted in phases.*

(9) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**;

None.

(10) **Proposed means for disclosure or discovery of electronically stored information ("ESI") and a statement of any disputes regarding the disclosure or discovery of ESI**;

The parties agree to address ESI as it comes up in the normal course of discovery.

(11) **Any proposals regarding the handling and protection of privileged or trial-preparation material that should be reflected in a Court Order**.

None currently.

(12)    **A proposed trial date, estimated number of days required for trial and whether a jury has been demanded (NOTE: Generally, the proposed trial date should be approximately one year after the date the initial complaint was filed);**

The parties believe the case will be ready for trial during the week of July 22, 2024.  *The parties estimate that the trial would take two trial days.  To date, there has been no jury trial demand.*

(13)    **A proposed date for further settlement negotiations;**

October 13, 2023.


(14)    **Objections to Fed. R. Civ. P. 26(a)(1) asserted at the Scheduling Conference, and other proposed modifications to the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;**

None at this time.

(15)    **Whether the parties will consent to trial (jury or non-jury) before U.S. Magistrate Judge Cureton or U.S. Magistrate Judge Ray (if all parties consent, please submit the attached consent form);**

The Parties do not consent to trial before a Magistrate.

(16)    **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective (e.g., before discovery, after limited discovery, after motions are filed, etc.), and, if mediation is proposed, the name of any mediator the parties jointly recommend to mediate the case;**

The parties agree that the mediation deadline should be January 30, 2024.  *The Parties believe they will be able to select a mutually acceptable mediator.*

(17)    **Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial;**

None at this time.

(18)    **Whether a conference with the Court is desired; and**

The Parties respectfully do not request an additional scheduling conference with the Court, *but counsel are willing to make themselves available if the Court desires one.*

(19)   Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26(c).

None.

Respectfully submitted,

**WELMAKER LAW, PLLC**


*/s/ Douglas B. Welmaker*
**Douglas B. Welmaker**
**Attorney-in-Charge**
**State Bar No. 00788641**
**Welmaker Law, PLLC**
**409 N. Fredonia, Suite 118**
**Longview, Texas 75601**
**Phone: (512) 799-2048**
**Email: doug@welmakerlaw.com**


**ATTORNEY FOR PLAINTIFFS**


*/s/ James H. Birch*
**James H. Birch**
**Texas Bar No.: 00797991**
jim.birch@steptoe-johnson.com
**Dylan T. Hughes**
**Texas Bar No.: 24129644**
dylan.hughes@steptoe-johnson.com

**STEPTOE & JOHNSON PLLC**
**500 North Akard Street, Suite 3200**
**Dallas, Texas 75201**
**214-920-8216 (T)**
**214-393-4088 (F)**

**ATTORNEYS FOR DEFENDANTS**

Certificate of Service

    The undersigned certifies that counsel for all parties were served with a copy of the above document through the Court's ECF filing system on this 5th day of October 2023.

<u>/s/ James H. Birch</u>