UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHACE FRAZIER AND MISTY PEIKOFF, | § § § | |
| Plaintiffs, | § § | Civil Action No. 4:23-cv-00761-O |
| v. | § § | |
| JPNS PROPERTIES, LLC AND KM HOLDINGS GRANBURY, LLC, | § § § | |
| Defendants. | § | |

## ORDER MODIFYING SCHDULING ORDER

Before the Court is the parties' Joint Motion to Modify Scheduling Order (ECF No. 16), filed February 9, 2024. Having reviewed the same, the Court **GRANTS** the parties' prayer for modifications to the Scheduling Order (ECF No. 14).

On October 9, 2023, the Court entered the parties into the Scheduling Order governing the litigation of this case. *See* Scheduling Order, ECF No. 14. The case deadlines decreed therein are binding on the parties and not optional guidelines. The Court's Scheduling Order specifically decreed that the parties shall jointly mediate on or before January 30, 2024 and file a joint mediation report within seven days thereof. *Id.* § II ¶ 5. The parties' written report was due February 6, 2024, but the docket did not reflect any mediation report having been filed on or before this binding deadline.

The Court accordingly ordered the parties to file the mandatory joint mediation report in compliance with the Court's binding Scheduling Order for this case no later than February 9, 2024—providing several *extra* days for the parties to come into compliance. *See* Order, ECF No. 15. The Court further warned that failure to comply with this Order would result in dismissal

of the above-captioned case for want of prosecution and of compliance with federal court orders. *Id.* (citing FED. R. CIV. P. 41(b)). As of February 9, 2024 and still to this day, the docket does not reflect the filing of a joint mediation report in compliance with the Court's Scheduling Order.

However, the docket *does* reflect the filing of a Joint Motion to modify the Court's Scheduling Order. *See* Joint Mot., ECF No. 16. The Joint Motion indicates that the parties have utterly neglected to comply with the binding Mediation Requirements set forth in the Court's Scheduling Order. *Id.* at 2-3. Yet in spite of blatantly violating the Court's Scheduling Order, the parties now ask the Court to sanction their delays in the litigation of this case by extending, *inter alia*, the already expired Mediation deadline. *Id.* at 2.

The Federal Rules of Civil Procedure authorize the Court to "dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing FED. R. CIV. P. 41(b)). The Court may do so *sua sponte* without being moved by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). This authority flows from the Court's "inherent power to control its docket and prevent *undue delays* in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (emphasis added); *see, e.g.*, *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). By neglecting to conduct or fulfill obligations for the critical stages of litigation as mandated in the Court's Scheduling Order, Plaintiffs have failed to prosecute their own case, while all parties have now failed to comply with multiple orders of the Court. *See McCullough*, 835 F.2d at 1127.

In the instant Joint Motion, the parties proffer cause for their violation of the Court's Scheduling Order, stating: "Defendants' lead counsel was unable to work for two weeks in January after contracting COVID-19 and the flu, and Plaintiffs' lead counsel was unavailable in

portions of January due to an urgent need to attend to a family illness." Joint Mot. 2, ECF No. 16. Thus, while the Court would normally otherwise dismiss the above-captioned case for want of prosecution and of compliance with federal court orders, *see* FED. R. CIV. P. 41(b), the Court extends to the parties the benefit of the doubt under the exigent circumstances described in their Joint Motion.

Accordingly, it is **ORDERED** that the Joint Motion to Modify Scheduling Order (ECF No. 16) should be and is hereby **GRANTED**. It is further **ORDERED** that the parties **SHALL** to comply with the Scheduling Order (ECF No. 14) for the above-captioned case as **modified (modifications in bold)**:

I. **SUMMARY OF CRITICAL DATES:**

| **Item** | **Original Deadline** | **Modified Deadline (bolded)** |
|---|---|---|
| Mediation (¶ 5) | January 30, 2024 | **March 1, 2024** |
| Completion of Discovery (¶ 6) | February 16, 2024 | **February 29, 2024** |
| Dispositive Motions (¶ 3) | March 1, 2024 | **March 15, 2024** |

All applicable scheduling instructions, rules, and obligations provided within the Scheduling Order shall continue to apply to each corresponding deadline (*e.g.*, joint mediation report due with seven days of deadline for mediation, etc.). *See* Scheduling Order § II, ECF No. 14. All other deadlines in this case, including the August 5, 2024 trial setting, shall remain unaffected by this Order. *See id*. §§ I-II. The parties are hereby put on notice that any further violations of the Scheduling Order (ECF No. 14), as modified, will result in sanctions.

**SO ORDERED** on this **13th day** of **February, 2024**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**